IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LESTER JON RUSTON,

         Plaintiff,

                              CIVIL ACTION
    vs.                        No. 11-3003-SAC

UNITED STATES OF AMERICA, et al.,


         Defendants.


MEMORANDUM AND ORDER


    This matter comes before the court on a civil action filed by a person incarcerated at the Medical Center for Federal Prisoners, Springfield, Missouri.[1]  Plaintiff, an insanity acquitee, proceeds pro se and seeks leave to proceed in forma pauperis.

    In addition to the motion for leave to proceed in forma pauperis (Doc. 2), plaintiff has filed two motions for leave to file supplemental amendments to the complaint (Docs. 7 and 8) and an emergency motion for a temporary restraining order (Doc. 13).  The court has examined these pleadings in evaluating the merits of this action.

_____

[1]
Since he commenced this action, plaintiff has been transferred to the Federal Correctional Institution, Seagoville, TX.

Plaintiff asserts claims under the Federal Tort Claims Act and RICO, "for intention[al] torts to cause damage to his small business, Penguin Enterprises Unlimited...." (Doc. 1, p. 1.) He also alleges he is being held unlawfully.

Plaintiff names as defendants the United States of America; Michael Nalley, Regional Director of the Bureau of Prisons; Richard W. Schott; Dr. Christina Pietz; Dr. James Kenneth Wolfson; Dr. Michael Sarrazin; Jason A. Sickler; Dr. James Robert Womack; and Dr. Shawn Channell.

The role of each defendant in the acts alleged is not clear. However, the plaintiff's allegations against defendant Nalley, the only defendant with an apparent connection to the District of Kansas, appear to arise from plaintiff's assertion that he is "in the custody of the Regional Director of the Federal Bureau of Prisons located [in] ... Kansas City, KS...." (Doc. 1, p. 1.)

## Discussion

The court may summarily dismiss an action brought in forma pauperis as frivolous or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The term "frivolous" also includes allegations that are

2

fantastic or delusional. *See Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

The court has given careful consideration to the complaint and the subsequent pleadings and concludes both that plaintiff's the factual allegations, which include, *inter alia*, tortious interference with a Texas business, interference with a speedy trial, torture, and mail fraud, and a span of events from early 2001 to the present, are fantastic and that plaintiff's legal theories lack merit. In addition, it appears plaintiff has repeated his claims in numerous actions. *See Ruston v. Dallas County*, 2008 WL 958076 (N.D. Tex. Apr. 9, 2008)(discussing plaintiff's "extensive and abusive" filing history, including 82 prisoner actions, and rejecting a similar RICO claim concerning Penguin Enterprises).

Likewise, to the extent plaintiff's pleadings might be construed to challenge the legality of his confinement, he must proceed in habeas corpus in the district of his confinement.[2]

---

[2]
The court notes petitioner has filed a number of applications for habeas corpus and appears to be well aware

Because the court is not persuaded that any attempt to amend or otherwise remedy the complaint would be availing, the court concludes the appropriate resolution of this matter is its summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED plaintiff's motions for leave to file supplemental amendments (Docs. 7 and 8) are denied.

IT IS FURTHER ORDERED plaintiff's emergency motion for temporary restraining order (Doc. 13) is denied.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 7th day of September, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

---

of that remedy. *See, e.g., Ruston v. Gonzales*, 235 Fed. Appx. 356 (5th Cir. 2007)(dismissal of appeal from habeas corpus action); *Ruston v. Anderson*, 2010 WL 1693124 (W.D. Mo. Apr. 26, 2010)(dismissing habeas corpus action without prejudice), and *Ruston v. Quarterman*, 2007 WL 2219444 (N.D. Tex. Jul. 31, 2007)(dismissing habeas corpus action because petitioner was not in custody).

5